**DLD-256**          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2561
_____

CHUKWUMA E. AZUBUKO,
Appellant

v.

ROXBURY COMMUNITY COLLEGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-04-cv-02229)
District Judge:  Honorable William H. Walls
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: September 7, 2011 )
_____

OPINION
_____

PER CURIAM.

In 2004, the District Court dismissed Chukwuma E. Azubuko's pro se Title VII

employment discrimination complaint against Roxbury Community College for failure to

state a claim.  In 2006, Azubuko filed a motion for a new trial.  The District Court denied

the motion, and this Court dismissed Azubuko's appeal of that decision as frivolous. See C.A. No. 06-3292 (order entered November 27, 2006).

Five years later, Azubuko filed a motion to reopen the case. The District Court denied the motion on March 28, 2011, and it denied reconsideration on April 13, 2011.

On April 26, 2011, Azubuko filed a motion seeking appointment of a "three-judge court." Docket # 18. Finding that Azubuko had failed to demonstrate that any Act of Congress requires convening a three-judge court, the District Court denied the motion on May 31, 2011. Azubuko timely filed this appeal from the May 31 order.[1]

We have jurisdiction under 28 U.S.C. § 1291 and will summarily affirm because the appeal presents "no substantial question." 3d Cir. L.A.R. 27.4. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284. Azubuko made no showing at all to support convening a three-judge district court, and indeed the basis for his request is nowhere explained. The remaining arguments in his motion, including "denial of well-established constitutional rights" and "denial of equal protection and due process clauses," are unsupported and plainly without merit. In short, there being no basis to disturb the District Court's judgment, we will affirm.

---

[1] Azubuko's notice of appeal is not timely as to the District Court's earlier orders.